JUDGE AMY ST. EVE
MAGISTRATE JUDGE KEYS
04CR0314

FILED
JUL 1 4 2004
MARTIN C. ASHMAN
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 04 CR 314 |
| v. | Violations: Title 18, United States Code, Sections 2423(b), 2422(b), 2252A(a)(2)(A), 2252A(a)(5)(B) |
| MICHAEL CLEMENTS | |

FILED
JUL 1 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL MARCH 2004 GRAND JURY charges:

On or about March 19, 2004, at Naperville, in the Northern District of Illinois, Eastern Division,

MICHAEL CLEMENTS,

defendant herein, traveled in interstate commerce and into the United States from Spain to Naperville, Illinois, for the purpose of engaging in a sexual act, as defined in 18 U.S.C. § 2246(2), with "Pam," whom defendant believed to be a minor who had not attained the age of 16 years and who, unbeknownst to defendant, was in fact an undercover law enforcement officer, that would be in violation of Title 18, United States Code, Section 2243(a);

In violation of Title 18, United States Code, Section 2423(b).

DOCKETED
JUL 1 5 2004



## COUNT TWO

The SPECIAL MARCH 2004 GRAND JURY further charges:

Beginning on or about December 18, 2002, and continuing until on or about March 19, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MICHAEL CLEMENTS,

defendant herein, using a facility and means of interstate commerce, including interstate wire communications and an internet communication-services account, did knowingly attempt to persuade, induce, and entice "Pam," whom the defendant believed to be a female minor who had not attained the age of 16, but who in fact was an undercover law enforcement officer, to engage in sexual activity for which the defendant could be charged with a criminal offense;

In violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE

The SPECIAL MARCH 2004 GRAND JURY further charges:

On or about March 21, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

## MICHAEL CLEMENTS,

defendant herein, knowingly distributed child pornography, namely, a computer file titled "!!!13bj.jpg," that had been mailed, shipped and transported in interstate commerce by any means, including by computer;

In violation of Title 18, United States Code, Section 2252A(a)(2)(A).

## COUNT FOUR

The SPECIAL MARCH 2004 GRAND JURY further charges:

On or about March 19, 2004, in Naperville, in the Northern District of Illinois, Eastern Division,

### MICHAEL CLEMENTS,

defendant herein, knowingly possessed material that contained images of child pornography, such images having been shipped and transported in interstate or foreign commerce by any means including by computer and having been produced using materials that had been shipped and transported in interstate commerce or foreign commerce by any means;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## SENTENCING ALLEGATIONS

The SPECIAL MARCH 2004 GRAND JURY further alleges:

1. With respect to Count One:

    (a) A computer or an Internet-access device was used by the defendant to persuade, induce, entice, and coerce the victim to engage in prohibited sexual conduct. (Guideline § 2A3.2(b)(3)(A))

2. With respect to Count Two:

    (a) The offense involved an individual the defendant believed to be a minor. (Guideline § 2G1.1(a)(1))

    (b) The offense involved a victim who the defendant believed had attained the age of 12 years but not yet attained the age of 16 years. (Guideline § 2G1.1(b)(2))

3. With respect to Count Three:

    (a) The offense involved distribution of material to an individual the defendant believed to be a minor. (Guideline § 2G2.2(b)(2)(C))

    (b) A computer was used by the defendant for the transmission and distribution of the material. (Guideline § 2G2.2(b)(5))

    (c) The offense involved at least 10 images but fewer then 150 images. (Guideline § 2G2.2(b)(6)(A))

4. With respect to Count Four:

    (a) The material involved a prepubescent minor and a minor under the age of twelve years. (Guideline § 2G2.4(b)(1))

    (b) The offense involved the defendant's possessing ten or more items. (Guideline

5

§§ 2G2.4(b)(5)(A) and 2G2.4(b)(2))

(c) The defendant's possession of the material resulted from the defendant's use of a computer. (Guideline § 2G2.4(b)(3))

## **FORFEITURE ALLEGATION**

The SPECIAL MARCH 2004 GRAND JURY further charges:

1.  The allegations of this Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 2253.

2.  As a result of his violations of Title 18, United States Code, Section 2252A and 2423,

MICHAEL CLEMENTS,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all right, title and interest defendant has in any matter which contains visual depictions described in Title 18, United States Code, Section 2252A; any property constituting or traceable to gross profits or other proceeds defendant obtained directly or indirectly as a result of the said violations; and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the said violations.

3.  The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 2253 include, but are not limited to, the following items:

    (a) seized personal computers including hard and zip drives;

    (b) seized peripheral connecting cables and equipment;

    (c) seized computer disks, including compact disks, floppy disks, and zip disks;

    (d) seized images.

4.  To the extent that the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

7

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value;

(e) has been commingled with other property that cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 18, United States Code, Section 2253(*o*);

All pursuant to Title 18, United States Code, Section 2253.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

No. 04 CR 314

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

MICHAEL CLEMENTS

**INDICTMENT**

Violation(s): Title 18 U.S.C. Sections 2423(b), 2422(b), 2252A(a)(2)(A) and 2252A(a)(5)(B)

A true bill

_____
Foreman

Filed in open court this ____ day of July, A.D. 2004

MICHAEL W. DOBBINS
By: _____
Clerk

Bail; $ _____

(Revised 5/99)